IN THE UNITED STATES DISTRICT COURT
FOR Western District Of Pennsylvania
( Pittsburgh Division )

25-1290



AUG 2 1 2025

CLERK, U.S. DISTRICT COURT
FOR THE WESTERN DISTRICT
OF PENNSYLVANIA

Daniel Fleischman, Pro Se
Plaintiff,
v.
Randall Seth Richey, Carola Peña, Polk County Sheriff's Office, Lakeland Police Department, McKeel Elementary School, Scott Lake Elementary School, Carlson Gracie Jiu Jitsu, and Doe Defendants 1–100,
Defendants.

CIVIL RIGHTS COMPLAINT PURSUANT TO 42 U.S.C. §1983

Plaintiff Daniel Fleischman brings this action under 42 U.S.C. §1983, §1985, and 18 U.S.C. §§1512, 2258A, and 1595, seeking emergency relief and permanent protection following a pattern of unconstitutional retaliation, child endangerment, grooming concealment, and systemic civil rights violations involving public and private actors.

This is not a custody dispute. This is a constitutional emergency.

## I. COORDINATED ENTERPRISE AND RETALIATION PATTERN

Defendants include law enforcement, school administrators, martial arts institutions, and clerks who have actively obstructed Plaintiff's rights to see and protect his son.
This includes retaliatory injunctions, denial of lawful custody exchanges, suppression of evidence, and coordination to silence whistleblowing.

## II. DOE DEFENDANTS: STRUCTURED SILENCE

Doe Defendants 1–25: Officers and command staff of the Polk County Sheriff's Office and Lakeland Police Department.
Doe Defendants 26–40: Educational and administrative staff at McKeel and Scott Lake Elementary Schools enabling custody interference and concealment.
Doe Defendants 41–55: Instructors and affiliates of Carlson Gracie Jiu Jitsu facilitating retaliation and obstruction.
Doe Defendants 56–100: Clerks and civilian accomplices complicit in ongoing concealment, suppression, or manipulation.

## III. QR CODE, SUBSTACK, AND PUBLIC DISTRIBUTION NOTICE

A public QR code campaign targeting 300,000 households is prepared and will be activated if this case is obstructed.

That QR will direct to sealed evidence, Substack narrative series, and testimony documenting judicial misconduct, child abuse cover-ups, and retaliation.

## IV. FOIA & SUBPOENA MATRIX

Plaintiff has initiated records requests and draft subpoenas targeting phone carriers, law enforcement records (bodycam, CAD, reports), school records tied to CSAM concealment, and legal billing statements evidencing collusion.

## V. CLASS ACTION PRESERVATION & DOJ OVERSIGHT

Plaintiff reserves the right to amend this action as part of a class of similarly situated parents retaliated against through injunctive abuse and child-protection cover-ups.
This complaint and sealed evidence will be sent to the FBI Civil Rights Division, DOJ's Child Exploitation Section, and the Office of Inspector General.

## VI. JURISDICTION AND VENUE

This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3) because this action is brought under 42 U.S.C. § 1983 to redress deprivations of rights secured by the Constitution and federal laws.
Venue is proper in this district under 28 U.S.C. § 1391(b), as the events giving rise to this claim occurred within the Middle District of Florida.

## VII. PARTIES

Plaintiff Daniel Fleischman is a natural person residing in Lakeland, Florida, and the biological father of the minor child at the center of this action. Plaintiff is proceeding pro se.
Defendant Randall Seth Richey is an individual residing in Polk County, Florida, and has acted under color of law through coordination with public officials to engage in grooming, witness tampering, and unlawful custody interference.
Defendant Carola Peña is the biological mother of the minor child and has participated in the retaliatory suppression of evidence and obstruction of lawful custody through the assistance of state actors.
Defendant Polk County Sheriff's Office and Lakeland Police Department are responsible for systemic refusal to enforce custody orders and for retaliation against Plaintiff.
Defendant McKeel Elementary School and Scott Lake Elementary School are responsible for enabling child endangerment, retaliation, and suppression of Plaintiff's parental rights.
Defendant Carlson Gracie Jiu Jitsu facilitated concealment, manipulation, and retaliation.
Doe Defendants 1–100 are unknown individuals employed or associated with various institutions, including law enforcement, schools, martial arts facilities, clerks, and private entities, whose actions and identities will be revealed through discovery.

## VIII. FACTUAL ALLEGATIONS

Plaintiff alleges that he has been the target of a prolonged and coordinated campaign involving false injunctions, unlawful denial of custody, suppression of audio/video evidence, denial of access to hearings, suspension of real estate and driver's licenses, and systemic retaliation for protected speech.

Reports of grooming and molestation were ignored; evidence was suppressed; retaliatory actions followed Plaintiff's federal filings and public disclosures.

## IX. CLAIMS FOR RELIEF

Count I: Violation of First Amendment – Retaliation for Protected Speech and Whistleblowing
Count II: Violation of Fourteenth Amendment – Procedural and Substantive Due Process
Count III: Violation of Fourth Amendment – Unreasonable Seizure of Parental Rights
Count IV: Civil Conspiracy Under 42 U.S.C. §1985
Count V: Failure to Report and Concealment of CSAM Under 18 U.S.C. §2258A
Count VI: Witness Tampering and Obstruction of Justice – 18 U.S.C. §1512
Count VII: Trafficking Victim Protection Act – 18 U.S.C. §1595
Count VIII: RICO Enterprise Liability – 18 U.S.C. §1962
Count IX: Second Amendment Violations – Retaliatory disarmament through false injunctions

## X. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court:
1. Grant declaratory relief affirming Plaintiff's constitutional rights were violated;
2. Issue preliminary and permanent injunctive relief to restore custody and block further retaliation;
3. Award compensatory and punitive damages in an amount to be determined;
4. Refer applicable findings to federal agencies for criminal investigation;
5. Grant such other relief as the Court deems just and proper.

## XI. PUBLIC DISCLOSURE STRATEGY – 90-DAY EVIDENCE CAMPAIGN

If reunification is not restored, retaliation continues, or federal relief is delayed, Plaintiff will begin a 90-day public release strategy of documented evidence including but not limited to: institutional grooming, suppressed reports, retaliatory filings, witness intimidation, and systemic misconduct.
This is a lawful civil rights campaign of exposure by necessity—not harassment or defamation.

## COUNT IV – MUNICIPAL LIABILITY (MONELL CLAIM)

1. Plaintiff re-alleges and incorporates by reference all preceding paragraphs of this Complaint as if fully set forth herein.

2. This claim is brought pursuant to 42 U.S.C. §1983 against Defendants City of Lakeland and Polk County, Florida, for maintaining an official policy, practice, or custom that directly caused the deprivation of Plaintiff's constitutional rights.

3. The Lakeland Police Department (LPD) and the Polk County Sheriff's Office (PCSO), acting under color of state law, engaged in a pattern and practice of unconstitutional conduct, including but not limited to:

- a. Repeatedly refusing to enforce lawful timesharing orders and facilitating custodial interference;
- b. Providing official assistance to Randall Seth Richey and accomplices during unlawful timeshare denials;
- c. Engaging in stalking, harassment, intimidation, and threats during custody exchanges;
- d. Utilizing off-duty deputies to block or interfere with Plaintiff's parenting time;
- e. Retaliating against Plaintiff for protected speech and whistleblowing activities, including filing false reports and withholding access to hearings;
- f. Suppressing evidence of child sexual abuse and ignoring mandatory reporting duties;

4. Plaintiff has documented over 30 separate incidents across 2023–2025 involving multiple LPD officers, PCSO deputies, and supervisors, all of which demonstrate a widespread custom of obstructing Plaintiff's parental rights and retaliating against his exercise of First Amendment freedoms.

5. These repeated acts were not isolated incidents but were so persistent and widespread as to constitute the official policy or custom of the City of Lakeland and Polk County.

6. The deliberate indifference of municipal policymakers to this pattern of misconduct directly caused the ongoing deprivation of Plaintiff's rights under the First, Fourth, and Fourteenth Amendments to the United States Constitution.

7. As a direct and proximate result of Defendants' unconstitutional policies, practices, and customs, Plaintiff has suffered loss of parental companionship, emotional distress, reputational damage, financial ruin, housing instability, and irreparable harm to the parent-child relationship.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in his favor and against Defendants City of Lakeland and Polk County, Florida, award compensatory and punitive damages, attorney's fees and costs pursuant to 42 U.S.C. §1988, and grant such other relief as this Court deems just and proper.

*Daniel Fleischman* 8/21/25

8.19.25 Defendant Incidents Primary MONNELL VIOLATION Pattern And Practice.xlsx

FILE NAME: 8.19.25 Defendant Incidents Primary MONNELL VIOLATION Pattern And Practice

| Date | Agency | Officer/Agent | Badge # | Case # | Location |
|---|---|---|---|---|---|
| 2/10/2021 | Polk County Sheriff | D/S Manguel | 6678 | | Sheriff Grady Judd's Office |
| 2/11/2021 | Polk County Sheriff | D/S Audett | 9131 | | |
| 3/11/2024 | Lakeland Police Department | Benitez | 167 | 2024-00024571 | |
| 5/11/2024 | Lakeland Police Department | C.A. Bolen | | 24-45459 | |
| 5/27/2024 | Lakeland Police Department | Unknown | | LPD Incident 4 | |
| 6/6/2024 | Lakeland Police Department | Unknown | | LPD Incident 5 | |
| 6/10/2024 | Lakeland Police Department | Unknown | | LPD Incident 6 | |
| 6/14/2024 | Lakeland Police Department | Unknown | | LPD Incident 7 | |
| 6/16/2024 | Lakeland Police Department | Unknown | | LPD Incident 8 | |
| 6/20/2024 | Lakeland Police Department | Unknown | | LPD Incident 9 | |
| 6/21/2024 | Lakeland Police Department | Unknown | | LPD Incident 10 | |

1

8.19.25 Defendant Incidents Primary MONNELL VIOLATION Pattern And Practice.xlsx

FILE NAME | 8.19.25 Defendant Incidents Primary MONNELL VIOLATION Pattern And Practice

| Date | Agency | Officer/Agent | Badge # | Case # | Location |
|---|---|---|---|---|---|
| 6/23/2024 | Polk County Sheriff's Office | Mother's boyfriend (Sheriff's deputy) | | | |
| 6/23/2024 | Lakeland Police Department | Schumacher | 119 | 24-59669 | |
| 6/23/2024 | Lakeland Police Department | McArdin | 226 | 2024-00052795 | |
| 6/27/2024 | Lakeland Police Department | Unknown | | LPD Incident 11 | |
| 7/5/2024 | Lakeland Police Department | Unknown | | | |
| 7/6/2024 | Lakeland Police Department | Unknown | | LPD Incident 12 | |
| 7/8/2024 | Lakeland Police Department | Unknown | | | |
| 7/9/2024 | Lakeland Police Department | Unknown | | | |
| 7/11/2024 | Lakeland Police Department | Unknown | | LPD 13 | |
| 7/15/2024 | Lakeland Police Department | Randall Seth Richey (harassment) | | | Neighborhood / outside residence |

2

FILE NAME: 8.19.25 Defendant Incidents Primary MONNELL VIOLATION Pattern And Practice

| Date | Agency | Officer/Agent | Badge # | Case # | Location |
|---|---|---|---|---|---|
| 7/19/2024 | Lakeland Police Department | Unknown | | | Plaintiff's residence |
| 7/26/2024 | Lakeland Police Department | Unknown | 616 | | |
| 7/26/2024 | Lakeland Police Department | Sgt Hathcock | | | |
| 8/2/2024 | Lakeland Police Department | Unknown | | | Lakeland PD |
| 8/3/2024 | Lakeland Police Department | Unknown | | | Lakeland PD |
| 8/8/2024 | Lakeland Police Department | Smith | 246 | | |
| 8/8/2024 | Lakeland Police Department | Psa Williams | 698 | | |
| 8/15/2024 | Lakeland Police Department | Duncan | 162 | 24-77393 | |
| 8/15/2024 | Lakeland Police Department | Unknown | | LPD 911 | |
| 8/24/2024 | Lakeland Police Department | Psa Morgan | 628 | | McKeel |

FILE NAME: 8.19.25 Defendant Incidents Primary MONNELL VIOLATION Pattern And Practice

| Date | Agency | Officer/Agent | Badge # | Case # | Location |
|---|---|---|---|---|---|
| 8/24/2024 | Lakeland Police Department | Gates | 255 | | |
| 8/24/2024 | Lakeland Police Department | Caldwell | 616 | | |
| 9/6/2024 | South McKeel | John Massung | | | |
| 9/29/2024 | Lakeland Police Department | Unknown | | | Court of Public Opinion / Timeshare Exchange |
| 12/19/2024 | Polk County Sheriff? | Psa Kercher | 646 | 1650 | |
| 12/6/2024 | Lakeland Police Department | McLton? | 261 | | |
| 12/20/2024 | Lakeland Police Department | Rosado | 328 | | |
| 1/17/2025 | Lakeland Police Department | Rosado | 328 | | |
| 1/30/2025 | Lakeland Police Department | Psa Outeiral | 692 | | |
| 1/31/2025 | Lakeland Police Department | Rosado | 328 | | |
| 4/2/2025 | Polk County Sheriff's Office | Alex Hipple / Denise Spangler | | | NW Division |
| 4/2/2025 | Polk County Sheriff's Office | Deputy Kinsey | | | |
| 4/17/2025 | Lakeland Police Department | Olguin | 249 | 2025-34233 | |
| 6/2/2025 | Lakeland Police Department | Rosado | 328 | | |

8.19.25 Defendant Incidents Primary MONNELL VIOLATION Pattern And Practice.xlsx

**FILE NAME** 8.19.25 Defendant Incidents Primary MONNELL VIOLATION Pattern And Practice

| Date | Agency | Officer/Agent | Badge # | Case # | Location |
|---|---|---|---|---|---|
| 6/3/2025 | Lakeland Police Department | Rosado | 328 | | |
| 6/24/2025 | Lakeland Police Department | Olguin | 249 | 2025-34233 | 200 N Kentucky Ave, Lakeland |
| | Orange County Sheriff | Kruiz | | | Sheriff John Mina |
| | Florida DCF | Robert Watts | | | |

*[signature]*