IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DANIEL FLEISCHMAN | ) |
| Plaintiff, | ) ) ) 2:25-CV-1290 ) |
| v. | ) ) |
| RANDALL SETH RICHEY, *et al.*, | ) ) ) |
| Defendants. | ) |

## ORDER

**AND NOW**, this **12th day of September, 2025**, it is **HEREBY ORDERED** that the above captioned matter is transferred to the Middle District of Florida for all further proceedings.

28 U.S.C. § 1406 empowers district courts with the ability to transfer a case when "in the interest of justice." A district court may exercise this power whether upon a party's motion or *sua sponte*. *See Decker v. Dyson*, 165 F. App'x 951, 954 n.3 (3d Cir. 2006) ("[A] district court, upon a motion or *sua sponte*, may transfer a case to a court of proper jurisdiction when such a transfer is in the interest of justice.").

The Court has reviewed Mr. Fleischman's allegations in his complaint and, based on his representations, finds that venue is not appropriate in the Western District of Pennsylvania. Indeed, Mr. Fleischman represents that "the events giving rise to this claim occurred within the Middle District of Florida." ECF 1. After carefully reviewing Mr. Fleischman's complaint, the Court agrees with Mr. Fleischman. Defendants reside and the events at issue in the complaint all occurred in the Middle District of Florida; on the other hand, the Western District of Pennsylvania appears to have no connection whatsoever to this case. *Id.* The Court finds that the interests of justice are

better served by transferring this case to the Middle District of Florida. Therefore, the Court hereby orders the Clerk of this Court to **TRANSFER** this case to that District **FORTHWITH**.

BY THE COURT:

/s/ J. Nicholas Ranjan
United States District Judge

cc:
Daniel Fleischman
18 Willow Tree Est.
New Brighton, PA 15066