**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

DANIEL FLEISCHMAN,
Plaintiff,

v.                                    CASE No. 8:25-cv-2479-WFJ-TGW

RANDALL SETH RICHEY et al.,
Defendants.

---

## REPORT AND RECOMMENDATION

The plaintiff filed an Application to Proceed in District Court without Prepaying Fees or Costs (Doc. 17) seeking a waiver of the filing fee for the complaint (Doc. 4).

Under 28 U.S.C. § 1915(a)(1), the court may authorize the filing of a civil lawsuit without prepayment of fees if the plaintiff submits an affidavit that includes a statement of all assets showing an inability to pay the filing fee and a statement of the nature of the action which shows that he is entitled to redress. Even if the plaintiff proves indigency, the case shall be dismissed if the action is frivolous or malicious or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(i), (ii). A claim is frivolous when it appears from the face of the complaint that the factual allegations are "clearly baseless" or that the legal theories are "indisputably

meritless." Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001). "Unsupported conclusory factual allegations also may be 'clearly baseless.'" Craven v. Florida, No. 6:08-cv-80-Orl-19GJK; 2008 WL 1994976 at *4 (M.D. Fla. May 8, 2008), adopted at *2.

The Court liberally construes pro se pleadings. Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998). However, a pro se pleading "must still comply with procedural rules governing the proper form of pleadings." Hopkins v. St. Lucie Cnty. Sch. Bd., 399 Fed. Appx. 563, 565 (11th Cir. 2010). Thus, a court will not "rewrite an otherwise deficient pleading in order to sustain an action." Campbell v. Air Jamaica Ltd., 760 F.3d 1165, 1169 (11th Cir. 2014) (citation omitted).

The complaint is substantively and procedurally deficient because the complaint fails to state a cognizable claim. See Watts v. Florida International University, 495 F.3d 1289, 1295-96 (11th Cir. 2007). First, it does not comply with the Federal Rules of Civil Procedure. Specifically, Federal Rule of Civil Procedure 10(b) requires the plaintiff to plead discrete claims in separate counts and identify in separate numbered paragraphs the pertinent facts supporting that claim. See McNeil v. United States, 508 U.S. 106, 113 (1993) (pro se litigants must comply with procedural rules that govern pleadings). Here, the plaintiff fails to detail each count in the

2

complaint.

Additionally, the complaint does not comply with Federal Rule of Civil Procedure 8(a)(2) which requires that the pleading be "a short and plain statement of the claim showing that the pleader is entitled to relief." The complaint is a vague and conclusory statement that fails to state a claim upon which relief may be granted. For example, the plaintiff alleges first, second, fourth, and fourteenth amendment violations, civil conspiracy under 42 U.S.C. § 1985, witness tampering and obstruction of justice under 18 U.S.C. § 1512, failure to report and concealment of CSAM under 18 U.S.C. § 2258A, trafficking victim protection act under 18 U.S.C. § 1595, and RICO enterprise liability under 18 U.S.C. § 1962 but does not properly detail facts to support an allegation of these claims. Also, the plaintiff makes several vague statements such as "[r]eports of grooming and molestation were ignored," "[s]ystemic retaliation for protected speech," and "[u]nlawful denial of custody" (Doc. 4, pp. 2-3) but does not provide any facts to support these allegations. The plaintiff needs to state a legal cause of action and detail, with specificity, the actions said defendants took to commit the misconduct.

When a complaint is dismissed as deficient, a pro se plaintiff must generally be given one chance to amend his complaint. Silva v. Bieluch,

3

351 F.3d 1045, 1048-49 (11th Cir. 2003). Consequently, this plaintiff should be given at least one opportunity to allege a viable claim. Therefore, I recommend that the complaint be dismissed without prejudice.

Respectfully submitted,

THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE

DATED: December 13th, 2025.

## NOTICE TO PARTIES

The parties have fourteen days from the date they are served a copy of this report to file written objections to this report's proposed findings and recommendations or to seek an extension of the fourteen-day deadline to file written objections. 28 U.S.C. § 636(b)(1)(C). Under 28 U.S.C. § 636(b)(1), a party's failure to object to this report's proposed findings and recommendations waives that party's right to challenge on appeal the district court's order adopting this report's unobjected-to factual findings and legal conclusions.

4