UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**DANIEL FLEISCHMAN,**

      Plaintiff,

v.                                   Case No: 8:25-cv-02479-WFJ-TGW

**RANDALL SETH RICHEY et al.,**

      Defendants.

_____/

## <u>ORDER</u>

Before the Court is the United States Magistrate Judge Thomas G. Wilson's Report and Recommendation that Plaintiff Daniel Fleischman's motion to proceed *in forma pauperis* (Dkt. 17) be denied, and Plaintiff's *pro se* Complaint (Dkt. 4) be dismissed without prejudice. Dkt. 19. The time for filing objections has passed.

Absent objection, the Court conducts a "careful and complete" review of the report and recommendation. *Williams v. Wainwright*, 681 F.2d 732, 732 (11th Cir. 1982 (*per curiam*) (citation modified). "Clear error" review applies to portions of the report and recommendation to which no objection is made. *Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006) (*per curiam*) (citation modified). Legal conclusions are reviewed *de novo* in the absence of an objection. *See LeCroy v. McNeil*, 397 F. App'x 554, 556 (11th Cir. 2010) (citation omitted); *Cooper-Houston v. S. Ry. Co.*, 37 F.3d 603, 604 (11th Cir. 1994). The Court may accept, reject, or

modify, in whole or in part, the Magistrate Judge's report and recommendation. 28 U.S.C. § 636(b)(1); *Williams*, 681 F.2d at 732.

The Magistrate Judge, in a thorough and well-reasoned analysis, found that the motion to proceed without pre-paying the filing fee (Dkt. 17) should be denied and that Plaintiff's Complaint (Dkt. 4) should be dismissed with prejudice for two reasons. First, the Complaint is substantively and procedurally deficient because the complaint fails to state a cognizable claim. Dkt. 19 at 2. Second, the Complaint does not comply with the Federal Rules of Civil Procedure. *Id.* at 3. The Court agrees.

Concerning the procedural issues, the Magistrate Judge correctly found that Plaintiff failed to "plead discrete claims in separate counts and identify in separate numbered paragraphs the pertinent facts supporting that claim," which violates Federal Rule of Civil Procedure 10(b). *Id.* at 2. Indeed, a review of Plaintiff's Complaint shows a list of various claims without any numbered counts or separate numbered paragraphs. *See* Dkt. 4 at 2–3.

Next, the Complaint does not comply with the Federal Rules of Civil Procedure, as it failed to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Again, as the Magistrate Judge correctly determined, Plaintiff lists nine distinct causes of action in a single paragraph, ranging from violations of the Fourteenth Amendment to RICO under 18

U.S.C. § 1962. Dkt. 19 at 3; *see also* Dkt. 4 at 3. None of these causes of action has any factual allegations or support. *See* Dkt. 4 at 3.

Finally, the Eleventh Circuit is clear that this Court must give a *pro se* plaintiff, like Plaintiff Fleischman, "at least one chance to amend the complaint before the district court dismisses the action with prejudice." *Woldeab v. Dekalb Cnty. Bd. of Educ.*, 885 F.3d 1289, 1291 (11th Cir. 2018). Plaintiff may make one last attempt at filing a complaint that complies with the Federal Rules of Civil Procedure. However, the Court warns that any subsequent complaint that fails to state a claim will be dismissed with prejudice. *See Silberman v. Miami Dade Transit*, 927 F.3d 1123, 1132 (11th Cir. 2019); *Woldeab*, 885 F.3d at 1291.

## CONCLUSION

Having performed a *de novo* and independent review of the file, and for the sound reasons explained in the Report and Recommendation, it is hereby **ORDERED** and **ADJUDGED** that:

1.  The Report and Recommendation, Dkt. 19, is **ADOPTED, CONFIRMED, and APPROVED** in all respects and made a part of this order.

2.  Plaintiff's Complaint, Dkt. 4, is **DISMISSED without prejudice**;

3.  Plaintiff's motion to proceed *in forma pauperis*, Dkt. 17, is **DENIED without prejudice**; and

4.  Plaintiff has **21 days** from the date of this Order to file an amended complaint addressing the problems with his complaint, and either (1) pay the filing fee, or (2) file an amended motion to proceed *in forma pauperis*. If Plaintiff fails to timely file an amended complaint and either (1) the filing fee, or (2) file an amended motion to proceed *in forma pauperis*, the Court will dismiss the case with prejudice.

   **DONE** and **ORDERED** in Tampa, Florida, on January 20, 2026.

s/*William F. Jung*

**WILLIAM F. JUNG**
**UNITED STATES DISTRICT JUDGE**

**Copies furnished to**:
Plaintiff, *pro se*