UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DANIEL FLEISCHMAN,

    Plaintiff,

v.　　　　　　　　　　　　　　　　　　Case No.  8:25-cv-2479-WFJ-TGW

RANDALL SETH RICHEY, et al.,

    Defendants.
_____/

## ORDER

    Plaintiff Daniel Fleischman, proceeding pro se, requests appointment of counsel as an ADA accommodation. (Doc. 18) Mr. Fleishman also requests "flexible" compliance with procedural rules and deadlines and to appear remotely at all court appearances. (*Id.*).

    A plaintiff in a civil case has no constitutional right to counsel. *Bass v. Perrin*, 170 F.3d 1312, 1320 (11th Cir. 1999). However, a court may, under 28 U.S.C. § 1915(e)(1), appoint counsel for an indigent plaintiff in "exceptional circumstances." *Steele v. Shah*, 87 F.3d 1266, 1271 (11th Cir. 1996). The determination of whether exceptional circumstances exist is committed to the district court's discretion. *Bass*, 170 F.3d at 1320. Exceptional circumstances may exist when the facts or legal issues are "so complex as to require the

1

assistance of a trained practitioner." *Kilgo v. Ricks*, 983 F.2d 189, 193 (11th Cir. 1993) (internal quotation and citation omitted).

Mr. Fleishman has not identified any exceptional circumstances that warrant the appointment of counsel. *See Brown v. John Deere Prods., Inc.*, 460 F. App'x 908, 909 (11th Cir. 2012) (finding that district court did not abuse its discretion to refuse to appoint counsel where facts and legal issues in complaint alleging discrimination were neither novel nor complex); *Wood v. Briarwinds Condo. Ass'n Bd. of Dirs.*, 369 F. App'x 1, 5 (11th Cir. 2010) (finding that district court did not abuse its discretion to refuse to appoint counsel where plaintiff failed to establish any exceptional circumstances justifying the appointment of counsel); *Bass*, 170 F.3d at 1320 (finding that district court did not abuse its discretion to refuse to appoint counsel where plaintiff's claims were straightforward and the case was "not so unusual").

In addition, although pro se pleadings are held to a less strict standard than pleadings drafted by attorneys, pro se litigants must still comply with the Federal Rules of Civil Procedure and the Local Rules for the Middle District of Florida. *See Boxer X v. Harris*, 437 F.3d 1107, 1110 (11th Cir. 2006) (quotation and citation omitted). These rules will not be relaxed for Mr. Fleishman, and he may not appear remotely unless specifically authorized to do so.

Accordingly, the plaintiffs' motion for ADA accommodations of

appointment of counsel, remote access, and flexible filing procedures (Doc. 18) is **DENIED**.

**ORDERED** in Tampa, Florida, on January 27, 2026.

*Amanda Arnold Sansone*
AMANDA ARNOLD SANSONE
United States Magistrate Judge