UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**DANIEL FLEISCHMAN,**

    Plaintiff,

v.                             Case No. 8:25-cv-02479-WFJ-TGW

**POLK COUNTY SCHOOL BOARD;**
and **FREDERICK HEID,**
in his official capacity as Superintendent
of Polk County Public Schools and
in his individual capacity,

    Defendants.

_____/

## <u>ORDER</u>

Before the Court are Defendants the School Board of Polk County, Florida (the "Board") and Superintendent Frederick Heid's Motion to Dismiss the Amended Complaint. Dkt. 29. Plaintiff Daniel Fleischman, proceeding *pro se*, has responded in opposition. Dkt. 36. After careful consideration, the Court grants Defendants' motion to dismiss.

## BACKGROUND

This dispute arises out of Plaintiff Fleischman's criminal trespass from his minor child's school. Plaintiff is the father of a minor student, N.F., who is enrolled at South McKeel Academy (the "School"), a charter school in Polk County, Florida. Dkt. 22 ¶ 1. From July 2024 through December 2024, Plaintiff allegedly

communicated with the School and district officials regarding his child's safety at school and the need to comply with court-ordered safety restrictions regarding a third party. *Id.* ¶ 11. Plaintiff's communications included emails, written requests, and in-person statements directed to school administrators and district personnel. *Id.* ¶ 12. Plaintiff believes that his communications "addressed matters of public concern, including student safety and government accountability, and matters of direct personal concern as a parent advocating for his child." *Id.*

On December 9, 2024, Plaintiff alleges that Defendants "caused" a written criminal trespass warning to be issued against Plaintiff, barring him from School property and school-related activities. *Id.* ¶ 13.   Plaintiff asserts the "trespass warning was indefinite and was backed by the threat of law enforcement." *Id.* ¶ 14. "The written warning cited Florida's school trespass statute and stated it was provided to the Office of Safe Schools and the Lakeland Police Department for enforcement." *Id.*  Plaintiff claims he was never "accused of any violent, threatening, or unlawful conduct." *Id.* ¶ 15. Nor has Plaintiff ever "been arrested, charged, or convicted for any offense arising from his interactions with the [S]chool." *Id.* The criminal trespass warning stated that the ban was for "disruption." *Id.* Plaintiff asserts that he "desires and intends to attend school events and meetings and to continue communicating with public school officials on matters of child safety and school accountability." *Id.* ¶ 17. Due to the "ongoing threat of arrest and exclusion,"

2

Plaintiff alleges his "protected speech" has been "chill[ed]," and is being prevented from the "ordinary parental participation in his child's public education." *Id.*

After the trespass warning was issued, Plaintiff sought district-level review and rescission. *Id.* ¶ 18. Plaintiff alleges that Defendant Heid, through his office, maintained the trespass warning. *Id.* Plaintiff further claims that Heid's office had the "authority to review, rescind, or narrow parent-campus bans issued through these district channels and declined to do so." *Id.*

On August 21, 2025, Plaintiff filed suit against Defendants in the Western District of Pennsylvania. Dkt. 1. After transfer to the Middle District of Florida, Dkts. 8, 10, the Court adopted a Report and Recommendation that dismissed Plaintiff's complaint without prejudice. Dkt. 20. On February 5, 2026, Plaintiff filed an Amended Complaint, alleging one 42 U.S.C. § 1983 claim against both Defendants—the "Polk County School Board" and "Frederick Heid, in his official capacity as Superintendent of Polk County Public Schools and in his individual capacity." Dkt. 22 at 1.  On March 2, 2026, Defendants filed the instant motion to dismiss the Amended Complaint pursuant to Federal Rules of Civil Procedure 12(b)(6). Dkt. 29.

## LEGAL STANDARD

As an initial matter, *pro se* litigants' filings are liberally construed. *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). This liberal

3

reading, however, does not exempt *pro se* plaintiffs from the pleading standards outlined in the Federal Rules of Civil Procedure or the Local Rules of the Middle District of Florida. *Beckwith v. Bellsouth Telecomms., Inc.*, 146 F. App'x 368, 371 (11th Cir. 2005); *Caton v. Louis*, No. 2:07-CV-32-FtM-99SPC, 2007 WL 9718731, at *1 (M.D. Fla. Feb. 21, 2007). Moreover, a district court may not serve as a *pro se* plaintiff's "*de facto* counsel" or "rewrite an otherwise deficient pleading. . . ." *See GJR Invs., Inc. v. Cnty. of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998).

When considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court must accept all the complaint's allegations as true, construing them in a light most favorable to the plaintiff. *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008). The pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "To survive dismissal, the complaint's allegations must plausibly suggest that the [plaintiff] has a right to relief, raising that possibility above a speculative level." *James River Ins. Co. v. Ground Down Eng'g, Inc.*, 540 F.3d 1270, 1274 (11th Cir. 2008) (citation modified) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007)). The Court does not need to accept as true any bare legal conclusions offered in a complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

4

## DISCUSSION

As pled, Plaintiff's 42 U.S.C. § 1983 claim is due to be dismissed. However, before addressing the merits of Plaintiff's Section 1983 claim, the Court first addresses some preliminary matters.

First, Plaintiff's Section 1983 claim is an impermissible shotgun pleading. A shotgun pleading fails "to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Weiland v. Palm Beach Cnty. Sheriff's Office*, 792 F.3d 1313, 1323 (11th Cir. 2015) (citations omitted). "It employs a multitude of claims and incorporates by reference all of its factual allegations into each claim, making it nearly impossible for Defendants and the Court to determine with any certainty which factual allegations give rise to which claims for relief." *Jackson v. Bank of Am., N.A.*, 898 F.3d 1348, 1356 (11th Cir. 2018).

In this case, Plaintiff's Amended Complaint "commits the sin of not separating into a different count each cause of action or claim for relief." *Weiland*, 792 F.3d at 1322–23. Plaintiff brings a single Section 1983 First Amendment retaliation claim in Count I against both Defendants, one of whom is a municipality and the other who is being sued in his individual and official capacity. Dkt. 22 ¶¶ 19–25. The combination of a municipal liability claim, an official capacity claim, and an individual liability claim, all in a single count, fails to give Defendants

5

"adequate notice of the claims against them and the grounds upon which each claim rests" under the Federal Rules of Civil Procedure 8(a). *Weiland*, 792 F.3d at 1323.

Second, Defendants correctly note that the Amended Complaint has a misnomer in the case caption. Dkt. 29 at 4. Plaintiff names the "Polk County School Board" as a defendant, Dkt. 22 at 1, but Florida law fixes the name and corporate existence of the district school board as "The School Board of ___ County, Florida." Fla. Stat. § 1001.40. As such, the proper name for the Board in this action should be "The School Board of Polk County, Florida." *See id.*

Third, Plaintiff's official capacity claim against Defendant Heid in his official capacity as Superintendent of Polk County Public Schools is due to be dismissed as duplicative of his municipal liability claim against the Board. "Official-capacity suits . . . 'generally represent only another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 165 (1985) (quoting *Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 690 n.55 (1978)). Thus, "[b]ecause suits against a municipal officer sued in his official capacity and direct suits against municipalities are functionally equivalent, there no longer exists a need to bring official-capacity actions against local government officials, because local government units can be sued directly[.]" *Busby v. City of Orlando*, 931 F.2d 764, 776 (11th Cir. 1991) (citation omitted). Accordingly, to the extent Plaintiff is

bringing a Section 1983 claim against Defendant Heid in his official capacity, this duplicative claim is dismissed.

## I. Municipal Liability Claim

Turning now to the merits of Plaintiff's Section 1983 claim, when liberally construing the Amended Complaint, the Court believes Plaintiff is bringing a municipal liability claim against the Board. *See* Dkt. 22 ¶¶ 19–25. Generally, municipalities—like the Board—cannot be held liable on a theory of *respondeat superior* or for acts committed by their officers. *See Monell*, 436 U.S. at 692–94. Instead, municipal entities may be held liable under § 1983 only where "action pursuant to official municipal policy of some nature caused a constitutional tort." *Id.* at 691. This standard requires a plaintiff to show that (1) "his constitutional rights were violated"; (2) "the municipality had a custom or policy that constituted deliberate indifference to that constitutional right"; and (3) "the policy or custom caused the violation." *McDowell v. Brown*, 392 F.3d 1283, 1289 (11th Cir. 2004). A plaintiff may satisfy the second element by alleging three theories of municipal liability: (1) an official policy; (2) the final policymakers acquiesce to a longstanding practice; or (3) a final policymaker ratifies the unconstitutional act and motive of a subordinate. *Hoefling v. City of Miami*, 811 F.3d 1271, 1279 (11th Cir. 2016) (citing *Matthews v. Columbia Cnty.*, 294 F.3d 1294, 1297 (11th Cir. 2002)).

As relevant here, Plaintiff claims to have sufficiently alleged the second and third theories of municipal liability. Dkt. 36 at 6–7. Under these theories of liability, "[m]unicipal liability may [] attach if final policymakers have acquiesced in a longstanding practice that constitutes the entity's standard operating procedure." *Hoefling*, 811 F.3d at 1279 (citation omitted). Further, "a municipality can be held liable on the basis of ratification when a subordinate public official makes an unconstitutional decision and when that decision is then adopted by someone who does have final policymaking authority." *Id.* (citation modified).

Here, Plaintiff claims that the Amended Complaint has pled enough facts to show that Defendant Heid "exercised policymaking authority over [the] decision" to review and maintain Plaintiff's trespass from the School's campus. Dkt. 36 at 6. The Court disagrees, as there are no allegations that final policymakers—like Defendant Heid—"acquiesced in a longstanding practice" to trespass parents exercising their First Amendment rights such that it "constitutes the [Board's] standard operating procedure." *Hoefling*, 811 F.3d at 1279. Indeed, the Amended Complaint contains no allegations suggesting that similar trespass warnings were issued against other parents at the School; rather, the alleged facts focus solely on Plaintiff's criminal trespass warning on December 9, 2024. *See* Dkt. 29 ¶¶ 13–18. Without any allegations of a longstanding practice, Plaintiff's municipal liability claim fails on this theory.

8

Next, Plaintiff argues Defendant Heid ratified the decision to trespass him from the School's campus. Specifically, "Plaintiff alleges that he informed Heid's office that the trespass warning was being used to punish protected parental advocacy about child safety, and that Heid's office maintained the exclusion after receiving that information." Dkt. 36 at 7 (citing Dkt. 29 ¶¶ 18, 25). However, these paragraphs of the Amended Complaint are nothing more than "[t]hreadbare recitals of the [municipal liability] elements" that are masquerading as factual allegations. *Iqbal*, 556 U.S. at 678. Indeed, Plaintiff summarily concludes in one sentence that "[t]he continued enforcement [of the trespass warning] constitutes ratification and maintenance of the exclusion through district channels," Dkt. 29 ¶ 25, but a ratification theory requires Plaintiff to plead that Defendant Heid ratified "not only the decision itself, but also the unconstitutional basis for it." *Matthews v. Columbia Cnty.*, 294 F.3d 1294, 1297 (11th Cir. 2002). At most, the Amended Complaint only states Plaintiff contacted the Board and "sought district-level review" of the trespass warning, which Heid "declined" to do. Dkt. 29 ¶ 25. There are zero allegations that Defendant Heid knew about any alleged unconstitutional motive or basis for the trespass warning—that is, there are no allegations Defendant Heid knew about the alleged instances of protected speech that got Plaintiff trespassed from the School's campus. As pled, Plaintiff's ratification theory by Defendant Heid is wholly insufficient.

9

The Florida statute that governs charter schools supports this conclusion. Defendants note that, under Florida law, charter schools are public but independently operated by governing boards pursuant to a written charter. *See* Fla. Stat. § 1002.33(1), (7) ("All charter schools in Florida are public schools . . . . The terms and conditions for the operation of a charter school shall be set forth by the sponsor and the applicant in a written contractual agreement, called a charter."). Florida law assigns operational authority to the charter school's governing board, not the sponsoring school district. *Id.* § 1002.33(9)(i) ("The governing body of the charter school shall exercise continuing oversight over charter school operations.").

Because Plaintiff has not sufficiently alleged the Board had a custom or policy that constituted deliberate indifference to Plaintiff's First Amendment rights, the Court grants Defendants' motion to dismiss the Section 1983 claim against the Board.

## II. First Amendment Retaliation Claim

The only remaining Section 1983 claim is against Defendant Heid in his individual capacity. On this claim, Defendants seek dismissal under the doctrine of qualified immunity and a failure to state a claim. Dkt. 29 at 4–7, 12. The qualified immunity defense shields "government officials performing discretionary functions . . . from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would

have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818, (1982); *Loftus v. Clark-Moore*, 690 F.3d 1200, 1204 (11th Cir. 2012). "[E]ntitlement to qualified immunity is for the court to decide as a matter of law." *Simmons v. Bradshaw*, 879 F.3d 1157, 1163 (11th Cir. 2018).[1] The Court accepts "the facts alleged in the complaint as true and draw[s] all reasonable inferences in the plaintiff's favor." *St. George v. Pinellas Cnty.*, 285 F.3d 1334, 1337 (11th Cir. 2002). "Once an officer has raised the defense of qualified immunity, the burden of persuasion on that issue is on the plaintiff." *Id.*

To receive qualified immunity, an official must first "establish that he or she acted within the scope of discretionary authority when the allegedly wrongful acts occurred." *Robinson v. Sauls*, 46 F.4th 1332, 1340 (11th Cir. 2022) (citation modified). Once this showing is made, the burden shifts to the plaintiff to show that "(1) the defendant violated a constitutional right, and (2) this right was clearly established at the time of the alleged violation." *Id.* at 1340–41 (quoting *Holloman*, 370 F.3d at 1264).

As an initial matter, there is no dispute that Defendant Heid was acting within the scope of his discretionary authority as the Superintendent of the Polk County Public Schools. Dkt. 22 ¶¶ 9–10. Indeed, accepting the facts alleged in the Amended Complaint as true, Defendant Heid had been "performing a function that, but for the

---

[1] Additionally, "[a]s an immunity from suit, qualified immunity is *not* . . . 'more appropriately resolved at the summary judgment sta[g]e or later in the proceedings.' To the contrary, [Eleventh Circuit] precedents mandate its resolution 'at the earliest possible stage in litigation.'" *Miller v. Palm Beach Cnty. Sheriff's Off.*, 129 F.4th 1329, 1334 (11th Cir. 2025) (quoting *Jordan v. Doe*, 38 F.3d 1559, 1565 (11th Cir. 1994)).

alleged constitutional infirmity, would have fallen with[in] his legitimate job description" with the Board to review campus-access decisions involving charter schools within the school district. *Holloman*, 370 F.3d at 1266 (emphasis omitted); *see* Fla. Stat. § 1002.33 (discussing oversight duties a district school board has over charter schools); Fla. Stat. § 1001.42 (discussing powers and duties of a district school board). As such, Plaintiff has the burden to show that Defendant Heid violated a constitutional right and that this right was clearly established at the time of the alleged violation.

Beginning with the first prong, Plaintiff must have plausibly alleged that Defendant Heid retaliated against Plaintiff for exercising his First Amendment rights. The Eleventh Circuit has articulated three requirements to state a First Amendment retaliation claim: "(1) the plaintiff engaged in constitutionally protected speech, such as his right to petition the government for redress; (2) the defendant's retaliatory conduct adversely affected that protected speech and right to petition; and (3) a causal connection exists between the defendant's retaliatory conduct and the adverse effect on the plaintiff's speech and right to petition." *Huggins v. Sch. Dist. of Manatee Cnty.*, 151 F.4th 1268, 1281 (11th Cir. 2025) (citation modified).

12

First, there does not seem to be any dispute that the First Amendment protects Plaintiff's attempts to petition the School for redress of his grievances.[2] *See DeMartini v. Town of Gulf Stream*, 942 F.3d 1277, 1288 (11th Cir. 2019) (citation omitted) (discussing the fundamental right to petition the government for a redress of grievances).

Second, as to an adverse effect on protected speech or petitioning, the Court considers whether the allegedly retaliatory conduct "would likely deter a person of ordinary firmness from the exercise of First Amendment rights." *Bailey v. Wheeler*, 843 F.3d 473, 481 (11th Cir. 2016) (quoting *Bennett v. Hendrix*, 423 F.3d 1247, 1254 (11th Cir. 2005)). This presents an objective question. *Bennett*, 423 F.3d at 1251.

As pled, Plaintiff has alleged enough facts to show that the alleged retaliation would deter a person of ordinary firmness. The Amended Complaint states the criminal trespass warning was "indefinite and . . . backed by the threat of law-enforcement enforcement," which constitutes an "ongoing threat of arrest" if Plaintiff enters the School's campus. Dkt. 22 ¶¶ 14, 17. The Eleventh Circuit has already held that "[t]he threat of arrest is the quintessential retaliatory conduct that

---

[2] However, there seems to be an open question of whether Plaintiff's communications to a *charter school* about his parental grievances count as petitioning the *government* for redress of grievances under the First Amendment. Defendants' motion does not address whether Plaintiff's communications to a charter school constitute protected speech under the First Amendment; instead, Defendants only argue that Plaintiff failed to sufficiently plead the causation element. *See* Dkt. 29 at 12. As such, for the purposes of resolving this motion to dismiss, the Court assumes (without deciding) that Plaintiff's "mails, written requests, and in-person statement" to the School constitutes protected speech, Dkt. 22 ¶ 12, since all charter schools in Florida are, by law, public schools. *See* Fla. Stat. § 1002.33(1).

would deter a person of ordinary firmness from exercising First Amendment rights." *Turner v. Williams*, 65 F.4th 564, 580 (11th Cir. 2023); *see also Sheets v. Pribble*, No. 2:25-CV-500-KCD-NPM, 2026 WL 681823, at \*3 (M.D. Fla. Mar. 11, 2026) (finding a trespass warning constitutes retaliatory conduct that would likely deter a person of ordinary firmness from exercising one's rights). The Court has no trouble concluding that Plaintiff has satisfied the second requirement.

Turning to causation, "a plaintiff must establish a 'causal connection' between the government defendant's 'retaliatory animus' and the plaintiff's 'subsequent injury.'" *Turner*, 65 F.4th at 581 (quoting *Nieves v. Bartlett*, 587 U.S. 391, 398 (2019)). Stated differently, Plaintiff "must show that his speech was a but-for cause of [Defendant Heid's] adverse action against him." *Huggins*, 151 F.4th at 1282 (citation omitted). Because it is often not possible to produce direct evidence of an official's inner motivations, the Court can look to any circumstantial evidence to establish the causal link. *See Bailey*, 843 F.3d at 483.

Here, there are zero allegations supporting the conclusion that Heid caused Plaintiff to be trespassed from the School's property because of Plaintiff's speech. There is nothing in the Amended Complaint even suggesting that Heid had any retaliatory motive that caused Plaintiff's injury. Indeed, the entire basis of Plaintiff's claim against Heid is that *after* he got trespassed from the School, Plaintiff petitioned Heid to review the trespass warning, and Heid decided to "maintain[] the trespass

14

warning in force." Dkt. 22 ¶ 18. In other words, Heid is not the individual who ordered Plaintiff to be trespassed from the School in response to his "disrupti[ve]" speech. *Id.* ¶ 15. Nor are there any allegations that Plaintiff's parental grievances were even directed to Heid. Instead, all the allegations concern Plaintiff's communications to the School and unnamed "district officials," not to the school district's superintendent. *Id.* ¶ 11. The failure to connect Heid to the act of issuing a trespass warning is fatal to Plaintiff's First Amendment retaliation claim. *See Turner*, 65 F.4th at 581.

Even assuming this disconnect is not fatal to Plaintiff's claim, the lack of information about the temporal proximity provides another reason to dismiss the Amended Complaint. *See Akins v. Fulton Cnty., Ga.*, 420 F.3d 1293, 1298–99, 1305 (11th Cir. 2005) (finding "close temporal proximity . . . suggest[s] a causal relationship" in a First Amendment retaliation claim). Plaintiff alleges that he engaged in allegedly protected speech from July 2024 to December 2024, but there are no allegations about when he petitioned Heid for review of the trespass warning. The lack of specificity about the timing of Plaintiff's request for review means the Court cannot determine whether the causation element has been met via temporal proximity. Thus, the Court finds Plaintiff has failed to adequately plead the causation requirement of his First Amendment Retaliation claim.

Because Plaintiff has failed to show that Heid violated a constitutional right, Heid is entitled to qualified immunity.[3] The Court grants Defendants' motion to dismiss the Section 1983 claim against Defendant Heid in his individual capacity with prejudice.

## CONCLUSION

After granting Plaintiff an opportunity to amend his complaint, the Court warned him that "any subsequent complaint that fails to state a claim will be dismissed with prejudice." Dkt. 20 at 3 (citing *Silberman v. Miami Dade Transit*, 927 F.3d 1123, 1132 (11th Cir. 2019); *Woldeab v. Dekalb Cnty. Bd. of Educ.*, 885 F.3d 1289, 1291 (11th Cir. 2018)). The repeated failure to state a viable Section 1983 claim permits this Court to dismiss the Amended Complaint with prejudice. *See England v. Hillsborough Cmty. Coll.*, 546 F. App'x 881, 885 (11th Cir. 2013) (citing *Bryant v. Dupree,* 252 F.3d 1161, 1163 (11th Cir. 2001)) (affirming dismissal with prejudice after "two opportunities to file amended complaints, and, each time, gave [the plaintiff] explicit instructions as to what those amended complaints should contain"). In short, a third complaint is not called for here.

Accordingly, it is hereby **ORDERED** and **ADJUDGED** that:

---

[3] Because Plaintiff fails to state a claim of retaliation under the First Amendment against Heid individually, the Court likewise agrees that Heid is entitled to qualified immunity without needing to address the second prong of the qualified immunity analysis. *See, e.g., Lee v. Ferraro*, 284 F.3d 1188, 1194 (11th Cir. 2002).

1. Defendants' Motion to Dismiss the Amended Complaint, Dkt. 29, is **GRANTED.**

2. Plaintiff Fleischman's Amended Complaint, Dkt. 22, is **DISMISSED with prejudice.**

3. The Clerk is directed to **TERMINATE** all pending motions and deadlines and **CLOSE** this case.

**DONE AND ORDERED** at Tampa, Florida, on April 9, 2026.

*/s/ William F. Jung*
**WILLIAM F. JUNG**
**UNITED STATES DISTRICT JUDGE**

<u>**COPIES FURNISHED TO:**</u>
Counsel of Record